[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on August 25, 1979 in Milford, Connecticut. They have resided in this state since that time. There are three minor children issue of the marriage: Jennifer L. Devine, born May 8, 1986; Kristine M. Devine, born January 4, 1988; and Jaclyn N. Devine, born July 30, 1991.
The evidence presented at trial has clearly established that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground on January 4, 1999.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82, 46b-62, 46b-84 and46b-56 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 19 1/2 years. Their three minor children are 12, 10 and 7 years of age. The wife is 37 years of age and in good health. She works as a school aide earning approximately $42 per week. The defendant is 41 years of age and is in good health. He presently owns and runs his own home construction company, building moderately priced homes. He received an award as the 1997 builder of the year.
The major issue in this matter was the defendant's income. The tax returns provided indicate the defendant draws a salary of approximately $60,461 per year. In addition, this corporation pays several perks including an American Express card, motor vehicle lease, gas card, ATM card, retirement benefits and IRA. The defendant claims he takes home $787.52 per week. The defendant also has a safe box in which he keeps large amounts of cash ranging from $1400 up to $10,000. The defendant testified he is sometimes paid in cash which is placed in his safe box.
In addition to his salary, the defendant's company had a net CT Page 14829 profit of approximately $28,090. The court arrived at this figure by backing out the depreciation deduction and the pension deduction as set forth in the only income tax return provided to the court. The defendant received a tax refund of $2500 last year. The court determines that the defendant has an income of close to $80,090 per year. The defendant also does side jobs such as snow plowing, painting and dump runs.
The defendant has been paying all of the household expenses of the marital home and in addition has been giving the wife $200 per week. The defendant has given the wife additional sums of cash throughout the pendency of this case, for the children, for gifts and for the plaintiff. Prior to the institution of this action, the parties did not have financial problems and the parties had a reasonably good lifestyle.
The plaintiff felt they had a good marriage until 1996 when the defendant became involved with another woman. The defendant signed a stipulation to that effect. The court finds that the greater fault for the cause of the breakdown of the marriage must be attributed to the defendant.
Unfortunately, the parties were unable to resolve their marital problems, although there were some attempts at reconciliation. The husband claims he does not want the dissolution and the wife claims she still cares for him. Perhaps when all the dust settles, these parties may benefit from some professional counseling. In the meantime, however, the court has the responsibility of entering a decision in this matter as requested by the parties.
The defendant was less than candid on his financial affidavit. He omitted the snowmobile as an asset, although the parties were aware of this asset. The defendant purchased this snowmobile during the pendency of this dissolution and paid cash of $7500.
The defendant failed to disclose he has $1300 to $1400 in cash in his safe box.
The defendant indicates he takes a pay check of $787.50 per week, although he used the figure of $574.03 on his financial affidavit.
The defendant did not fully comply with the requested CT Page 14830 discovery and disclosure and only provided some requested information a few days prior to trial.
To his credit, the defendant signed a stipulation admitting his extramarital affair thereby avoiding the necessity of testimony from a private detective and the woman involved and sparing the wife from further anguish.
The following orders shall issue:
Real Estate A. 87 Londonderry Lane, Milford, Connecticut
1. The parties agreed that the marital home had a fair market value of $210,000 subject to a mortgage of approximately $76,000. The defendant was the foreman in connection with the building of the marital home. The defendant testified he hoped to have his children remain in the marital home.
2. It is ordered that the defendant shall transfer all his right, title and interest in and to the marital home located at 87 Londonderry Lane, Milford to the plaintiff.
3. The plaintiff shall be responsible for the mortgage, taxes and insurance as of January 1, 1999 and shall hold the defendant harmless therefrom.
4. The defendant shall be responsible for the December mortgage payment and shall be responsible for all utilities incurred as of December 31, 1998.
5. The plaintiff shall give back to the defendant a mortgage deed and note in the amount of $30,000 payable within ten years of date or on the death, remarriage or cohabitation of the plaintiff, whichever event shall first occur.
6. Any escrows relating to the home shall be transferred to the plaintiff.
 B. 9 Maddox Lane, Milford, Connecticut
1. The parties jointly own 9 Maddox Lane, Milford. This property was purchased from the plaintiff's grandfather. The parties resided there during the early years of their marriage. CT Page 14831 The property is presently rented at a monthly rental of $750 per month. The mortgage and taxes payment is $455 per month. The defendant collects the rental income.
2. The parties agreed this property had a fair market value of $74,000 and is subject to a mortgage in the amount of $19,682.
3. Both parties requested and agreed that the Maddox Avenue property should be transferred to the defendant. The court considered selling this real estate and dividing the proceeds to provide each party with some liquid cash. On reflection, the court will acquiesce in the parties' request and it is ordered that the plaintiff shall transfer to the defendant all her right, title and interest in and to the real estate located at 9 Maddox Avenue to the defendant. The defendant shall be responsible for the mortgage, taxes and insurance and shall hold the plaintiff harmless therefrom.
Custody
These shall be joint legal custody of the minor children, with physical custody to the plaintiff. The plaintiff shall confer and discuss with the defendant on all matters relating to the health, education and welfare of the minor children. The defendant shall be entitled to all school and medical records relating to the minor children.
Visitation
1. The defendant shall be entitled to reasonable, liberal and flexible visitation with the minor children to include but not be limited to two weeks in the summer, one week in the winter, Father's Day, overnights, shared holidays and such other times as the parties shall agree.
2. The parties shall work together to encourage the middle child to visit with the defendant. The defendant shall not be accompanied by any third party, upsetting to the minor children, during the visitation.
3. The defendant shall give the plaintiff at least 24 hours notice of his intended visitation.
Child Support
CT Page 14832
1) Based on the court's finding of the defendant's income and plugging in the child support guidelines, it is ordered that the defendant shall pay to the plaintiff the sum of $425. per week for the support of the minor children. Child support shall be paid for each child until said child dies, becomes emancipated, or reaches the age of 19 years or completes 12th grade, which ever event shall first occur.
2) Said child support payments shall commence January 1, 1999.
Health Insurance
1) The husband shall maintain reasonable medical insurance coverage for the benefit of the minor children. Any unreimbursed medical, dental/orthodontic, optical, psychological expenses shall be equally divided between the parties.
2) The plaintiff shall be entitled to COBRA benefits, if any, at her expense.
Alimony
1) The plaintiff is employed as a lunch aide earning approximately $42. per week. The plaintiff was aged 18 when she married the defendant. She has had some experience as a data entry operator prior to the birth of her children. She did some typing in the defendant's office three years ago and did day care for one school year. The plaintiff assumed the traditional role of homemaker, staying at home and caring for her children, husband and home since 1986.
2) The defendant testified the figures on his financial affidavit with respect to his income were not accurate. A review of the tax returns and the evidence presented, verifies this testimony and the court has already made its determination as to this defendant's income.
3) The defendant shall pay to the plaintiff as alimony the sum of $200. per week for a period of 10 years. Said award of alimony shall sooner terminate upon the death of the plaintiff, or the death of the defendant, or the remarriage or cohabitation by the plaintiff as defined by statute, whichever event shall first occur. CT Page 14833
4) Said alimony award shall commence on January 1, 1999.
Personal Property
1) The husband shall be entitled to his business: Devine Construction Corp. and all the equipment and the wife shall have no claim thereto.
2) The husband is awarded the following:
 17' Jet Boat Snowmobile His clothing personal effects
3) The wife is awarded the following:
 The Camper The 1993 Plymouth Voyager The furniture furnishings in the marital home, including miscellaneous lawn maintenance items located at the marital residence
4) Retirement Benefits: The husband shall retain his self-employment pension. The defendant shall transfer to the plaintiff the CFS IRA. Said IRA shall be transferred without any tax consequence to either party.
5) The CFS Money Market Account valued at $3062. on the defendant's financial affidavit, shall be equally divided between the parties.
Life Insurance
The defendant shall maintain his present Life Insurance and shall name the plaintiff and the three minor children as irrevocable beneficiaries thereon for so long as he has an obligation for alimony and/or child support. This provision shall be modifiable.
It is the court's understanding that the defendant has $150,000. Life Insurance policy at this time.
Counsel Fees
The defendant shall pay to the plaintiff as a contribution CT Page 14834 towards her attorney's fees, the sum of $3,000. payable within 60 days of date.
Debts
Each party shall be responsible for the debts as set forth on their respective financial affidavits except for the Milford Hospital Bill in the amount of $300. incurred for the minor child Kristine, which bill shall be the sole responsibility for the defendant.
Taxes
1) The defendant shall hold the plaintiff harmless from any unpaid taxes, interest or penalties due the IRS or the State of Connecticut, arising out of a filed joint return as a result of the defendant's income reporting.
2) The defendant shall be entitled to claim the two younger children as dependents for income tax purposes. This provision shall be modifiable.
Date of Decree
No Pendente Lite orders were entered during the pendency of this matter.
The court will enter judgment on this case on January 4, 1999 to give the parties an opportunity to file a joint 1998 income tax return, federal state, if they so agree. Any refund shall be equally divided between the parties and any deficiency shall be paid by the defendant.
The defendant shall hold the plaintiff harmless from any and all liability to the IRS and State of Connecticut in the event a joint 1998 income tax return is filed.
Coppeto, J.